**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

UNITED STATES OF AMERICA

v.                                    ACTION NO. 4:05CR37

JONATHAN HOUGH,

      Defendant.

<u>O R D E R</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 846 and 841.

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant was involved in a conspiracy which was a loose-knit organization of individuals. Most of the persons named

in the indictment both purchased and sold drugs as part of the conspiracy. The Assistant United States Attorney indicated that there are at least fourteen witnesses who could describe the overall nature of the conspiracy, eleven of whom have been federally prosecuted and three of whom are not facing charges. In addition, the government successfully made several controlled purchases from a number of the persons named in this indictment.

This 23-year-old defendant is charged with a controlled sale of cocaine base and cocaine, in addition to the drug distribution conspiracy.

The defendant provided little information about his residential history over the past several years. He lived in Newport News most recently, with his brothers, but that address is not available since they are in jail. His employment could not be verified. He is in arrears on child support payments and has no financial resources.

The defendant first smoked marijuana at age 9 and cocaine at age 17. He tested positive for marijuana use while on state probation.

The defendant was convicted of misdemeanor possession of stolen property in 2001 and drunk in public in 2004. In addition, he was charged with possession of marijuana in 2004. Despite absconding from probation and testing positive for drugs, this charge was dismissed after a period of deferred disposition.

The defendant is a risk of flight because of his prior probation violation for absconding from supervision, his lack of ties to the community, his unstable residence situation and his failure to report while on probation. He is a danger to the community because of the nature of the offense which was committed while on probation, and his criminal record.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney

for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

April 25, 2005

Nunc pro tunc April 19, 2005